# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

\* \* \* \* \*

| | |
|---|---|
| GERALD CHARLESTON, | ) |
| Plaintiff, | ) Case No.: 1:12-cv-9463 |
| v. | ) |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS AT CHICAGO; JAMES W. HALL, individually and in his official capacity as Associate Dean for Student Affairs; PAULA ALLEN-MEARES, individually and in her official capacity as Chancellor of the University of Illinois at Chicago; RALPH KEHL, individually and in his official capacity as Head of Obstetrics and Gynecology Dept.; NANCY WOZNIAK, individually and as Associate Dept. Head of the Obstetrics and Gynecology Dept.; and DOES I-XX, inclusive, | ) ) ) ) ) ) ) ) ) ) JURY TRIAL DEMAND ) ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW, Plaintiff, by and through his counsel, and hereby complains and alleges against the above-named Defendants, and each of them, based upon knowledge, information and a reasonable belief derived therefrom, as follows:

## INTRODUCTION

This is a Complaint for Damages and injunctive relief brought by a student of University of Illinois at Chicago College of Medicine. The claims, against the University and faculty of this public university, are based upon 42 U.S.C. Section 1983 and the Fourteenth Amendment of the United States Constitution, alleging infringement of Plaintiffs' right to substantive and procedural due process and equal protection. Plaintiff also relies on the University's Student Disciplinary Policy and the University Statutes and alleges a pendent breach of contract claim. Plaintiff has also asserted a claim against University Defendant for negligent hiring, training, and supervision, and all Defendants for intentional and negligent infliction of emotional distress and injunctive relief.

**PARTIES**

1.    Plaintiff, GERALD CHARLESTON, is and was a resident of Champaign, State of Illinois, and at all times relevant herein was a student in the University of Illinois College of Medicine.

2.    Defendant, BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS AT CHICAGO (UIC), operates the University of Illinois College of Medicine, a public educational institution located in the City of Chicago, County of Cook, State of Illinois.

3.    Defendant, JAMES W. HALL, is the Associate Dean for Student Affairs for the UIC College of Medicine. He is being sued individually and in his official capacity as Associate Dean for Student Affairs.

4.    Defendant, PAULA ALLEN-MEARES, is the Chancellor of the University of Illinois at Chicago. She is being sued individually and in her official capacity.

5.    Defendant, RALPH KEHL, is the Head of Obstetrics and Gynecology Department at University of Illinois at Chicago. He is being sued individually and in his official capacity.

6.    Defendant, NANCY WOZNIAK, is the Associate Department Head of the Obstetrics and Gynecology Department at University of Illinois at Chicago. She is being sued individually and in her official capacity.

7.    That the true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES I through X are unknown to Plaintiff, who therefore, sues said Defendants by such fictitious names.

8.    Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as DOE are responsible in some manner for the events and happenings referred to in this action and proximately caused damages to Plaintiff as herein alleged, and that Plaintiff will ask leave of this Court to amend this Complaint, to insert the true names and capacities of said Defendants, and when the same have been ascertained to join such Defendants in this action.

9.    At all times herein, Defendants have been acting under color of law.

10.    At all times relevant hereto, and in all their actions described herein, Defendants' actions took place in the State of Illinois.

11.    Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## JURISDICTION AND VENUE

12.    This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. §1331 (federal question) and 28 U.S.C. §1343 (civil rights) as the claims are based upon 42 U.S.C. §1983.

13.    Supplemental jurisdiction over Plaintiff's pendent state law claims is invoked pursuant to 28 U.S.C. §1367, as the claims arise out of the same transaction and occurrence as Plaintiff's federal claims.

14.    Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district, and Plaintiff and Defendants are located in this district.

15.    Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. §1988.

## GENERAL FACTUAL ALLEGATIONS

16.    In January, 2011, Plaintiff exhausted his administrative appeals and was dismissed from the UIC College of Medicine for "unprofessional" conduct as a result of a complaint that was filed against him by a preceptor in September 2010, following his Obstetrics and Gynecology clinical rotation.  At that time, Plaintiff was a fourth year medical student in the College of Medicine during the academic year 2009-2010.

17.    Plaintiff actually completed his Obstetrics and Gynecology rotation in June 2010 without incident and without any mention from the University that he exhibited unprofessional conduct.

18.    On or about September 12, 2010, two of Plaintiff's preceptors for his OB/GYN rotation, Drs. Kehl and Wozniak, submitted a complaint to the College of Medicine alleging Plaintiff committed errors on his written work for the rotation, including plagiarism in his patient history and physical reporting, that he did not complete his written quizzes until one week after the rotation, that his case log did not have physician signatures, that he spent four weeks of the rotation without a preceptor, and that he did not perform well enough on the rotation to pass the rotation. The complaint

stated that Plaintiff should be required to repeat the OB/GYN rotation.

19.     The complaint submitted by Drs. Kehl and Wozniak was immediately forwarded to the Urbana Student Progress and Promotions Committee (USPPC) for review and to determine what, if any, sanctions would be recommended.

20.     The USPPC conducted a meeting on October 13, 2010 regarding the complaint. Plaintiff was not permitted to attend the meeting to defend himself from the allegations, to confront the witnesses against him or to address the evidence presented against him. Plaintiff was permitted to submit letter to the USPCC regarding the allegations, which he did.

21.     Upon review of the complaint and Plaintiff's letter, the USPCC recommend as sanctions that Plaintiff be assigned a mentor to meet with on a monthly basis to ensure that Plaintiff did not make similar mistakes in the future on his clinical rotations. At that point the matter was resolved.

22.     Later, without any notice to Plaintiff, the complaint submitted by Drs. Kehl and Wozniak, the aforementioned letter Plaintiff wrote to the USPCC, and an additional letter drafted by Defendant, James W. Hall from 2008 were submitted to the Urbana Executive Committee (UEC).

23.     The letter from Hall stated that back in 2008 Plaintiff acted "unprofessionally" as a Teaching Assistant in the School of Molecular Biology. Plaintiff never had an opportunity to address this letter with the UEC and, in fact, Plaintiff was never cited for acting unprofessionally as a Teaching Assistant.

24.     The UEC disregarded the recommendation of the USPCC, and recommended that Plaintiff be dismissed from the College of Medicine on October 27, 2010 all without allowing Plaintiff to defend himself from the allegations, to confront the witnesses against him or to address any of evidence presented against him, including false information presented to the UEC that Plaintiff acted unprofessionally as a Teaching Assistant.

25.     Plaintiff timely appealed the decision of the UEC but the decision was upheld and forwarded to the College of Medicine Committee on Student Progress for final action.

26.     Plaintiff was not permitted to challenge the allegations against him with the CCSP and on December 17, 2010 the CCSP voted to dismiss Plaintiff from the College of Medicine.

27. Plaintiff timely appealed the CCSP decision but the decision to dismiss him from the College of Medicine was upheld on January 28, 2011.

28. The decisions made by Defendants to remove Plaintiff from the College of Medicine are arbitrary and capricious in nature, are in violation of the University's Student Disciplinary Policy, University Statutes, and in violation of Plaintiff's U.S. Constitutional Rights.

29. As a result of Defendant's arbitrary, capricious, and unlawful actions, Plaintiff has been prevented from attending classes at the College of Medicine, thus halting and destroying his ability to attend medical school or to ever enter the medical profession.

30. As a result of the above, Defendants, and each of them, have wrongly caused Plaintiff to be sanctioned and removed from the University and for the above-noted sanctions to be wrongly placed on his record, all in violation of his U.S. Constitutional Rights, depriving him of the opportunity to obtain an education and further his career, and inflicting emotional distress and physical injury, causing substantial damages.

## FIRST CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATION 42 U.S.C. §1983, PROCEDURAL DUE PROCESS*

31. Paragraphs 1 through 30, inclusive are incorporated by reference.

32. That Plaintiff has a clearly established right to equal access to all benefits and privileges of a public higher education and a right to be free from said illegal practices and policies.

33. Defendant failed to comply with its own policies and due process protections set forth in its Student Disciplinary Policy by forwarding a complaint of academic dishonesty, i.e., plagiarism to the USPPC without intermediate review of a Student Discipline Subcommittee.

34. Defendant failed to comply with its own policies and due process protections set forth in its Student Disciplinary Policy by failing to allow Plaintiff a hearing, to be present and defend himself from the allegations against him, to confront the witnesses against him or to address any of evidence presented against him.

35. As a result of Defendants actions, Plaintiff suffered and continues to suffer a deprivation of his rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the

individual Defendants.

36. That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring all Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

37. The acts, conduct and behavior of each of the individual Defendant was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages.

38. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## SECOND CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATION 42 U.S.C. §1983, SUBSTANTIVE DUE PROCESS*

39. Paragraphs 1 through 38, inclusive are incorporated by reference.

40. That Plaintiff has a clearly established right to equal access to all benefits and privileges of a public higher education and a right to be from said illegal practices and policies.

41. The actions of the Defendants, as described above, were arbitrary and capricious, and were not rationally related to any legitimate interest.

42. As a result of Defendants actions, Plaintiff suffered and continues to suffer a deprivation of his rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

43. The acts, conduct and behavior of each of the individual Defendant was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages.

44. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## THIRD CAUSE OF ACTION

### *CIVIL RIGHTS VIOLATION 42 U.S.C. §1983, EQUAL PROTECTION*

45. Paragraphs 1 through 44, inclusive are incorporated by reference.

46.     That the above actions by Defendants have resulted in the denial of equal protection rights, as a "class of one," all in violation of the Fourteenth Amendment to the United States Constitution, as Plaintiff was retaliated against, harassed, disciplined against, intimidated, and dismissed from the medical school, all against his will, and differently than those similarly situated medical students subjected to the USPPC review process.

47.     That the actions of Defendants were the result of personal animus against the Plaintiff, and said actions and denials were taken without any rational basis.

48.     That by reason of the aforesaid actions, Defendants' actions exhibit deliberate indifference to and/or reckless disregard for the constitutional rights of Plaintiff and other similarly situated students, all in violation of his constitutional rights.

49.     As a result of Defendants actions, Plaintiff suffered and continues to suffer a deprivation of his rights, privileges and immunities secured to them by the Fourteenth Amendment to the United States Constitution, and is thus entitled to an award of monetary damages from the individual Defendants.

50.     That by reason of the aforesaid actions, Plaintiff is entitled to a Permanent Injunction requiring all Defendants, or their agents, to cease all unlawful and unconstitutional acts that they currently engage in.

51.     The acts, conduct and behavior of each of the individual Defendant was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages.

52.     It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FOURTH CAUSE OF ACTION

### *BREACH OF CONTRACT*

53.     Paragraphs 1 through 52, inclusive are incorporated by reference.

54.     Plaintiff, has an express and implied contract with Defendants in connection with rights explicitly guaranteed by the Student Disciplinary Policy and the University Statutes, and other written policies and procedures of the Defendants, including but not limited the policies on equal

educational opportunities, student discipline and disciplinary procedures.

55. The actions of Defendants constitute a breach of the express and implied contract.

56. As a result of the breach committed against the Plaintiff has been damaged, as described above.

57. It has been necessary for the Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

## FIFTH CAUSE OF ACTION

### *INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS*

58. Paragraphs 1 through 57, inclusive, are incorporated by reference.

59. That the actions and omissions of Defendants constitute extreme and outrageous conduct that is so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency and caused Plaintiff to suffer distress so severe that a reasonable person could not be expected to endure it.

60. That the actions and omissions of Defendants were intended to cause or were made with reckless disregard of the probability of causing emotional distress to Plaintiff.

61. As a direct and proximate result of Defendants' intentional conduct and omissions, Plaintiff suffered and continues to suffer great mental and emotional harm, anguish, insecurity, self-revulsion, damage to his self-esteem, and self-worth, shame and humiliation, including but not limited to severe and clinical depression, anxiety, loss of sleep, loss of appetite, and gastrointestinal pain.

62. Plaintiff requires medical and/or psychological care as result of the actions and inactions of Defendants. This has caused and/or will cause Plaintiff to incur expenses for medical care, treatment, and expenses incidental thereto. The total amount of Plaintiff's damages cannot yet be fully ascertained, and as such we respectfully ask leave of this Court to amend Plaintiff's Complaint to insert the full amount when such have been fully ascertained.

63. As a result of the mental distress described above, Plaintiff has suffered serious psychological injury, loss of community reputation, medical expenses, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the

Defendants, as well as deprivation of his liberty, invasion of his privacy, and grievous mental suffering, causing damages.

64.    The acts, conduct and behavior of the Defendants were performed willfully, intentionally, oppressively, fraudulently and maliciously, by reason of which Plaintiff is entitled to punitive damages.

65.    It has been necessary for Plaintiff to obtain the services of an attorney to prosecute this action, and Plaintiff is entitled to an award of attorney's fees and costs of suit incurred herein.

*WHEREFORE,* Plaintiff prays that this Honorable Court: Enter judgment in Plaintiff's favor, and against the Defendants, and each of them:  (a) for compensatory damages in an amount to be determined at trial; (b) for punitive damages each in an amount to be determined at trial; (c) for injunctive and declaratory relief; and (d) together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. §1988, and further relief as justice requires.

DATED this 27ᵗʰ day of November, 2012.

THE BACH LAW FIRM, LLC


By:    */s/ Jason J. Bach, Esq.*
         JASON J. BACH, ESQ.
         6053 South Fort Apache Road, Suite 130
         Las Vegas, NV 89148
         *Attorney for Plaintiff*

THE BLAKE HORWITZ LAW FIRM, LTD.


By:    */s/ Blake Horwitz, Esq.*
         BLAKE HORWITZ, ESQ.
         39 South LaSalle St., Suite 1515
         Chicago, IL 60603
         *Attorney for Plaintiff*